## HUTCHINS HAPGOOD *versus* ISRAEL HOUGHTON, Executor &c.

A will contained the following clause: "I will, firstly, that loth to offend by the word *pay*, the generous feelings of my friends, whose kindnesses to me have been many and long continued, — to H and his wife, I wish their acceptance of twenty-five acres of land," &c. The testatrix was living in the family of H at the time. It was *held*, that this was a *conditional* devise ; that H, by bringing an action against her executor for her board, in which however judgment was recovered against him, elected to relinquish the benefit of the devise; but that he did not thereby forfeit his claim to an independent residuary legacy to his wife, in the same will, the implied condition being limited to the devise of the land.

A husband may maintain an action in his own right, after the death of his wife, for a legacy given to her during the coverture.

THIS was an action to recover the amount of certain legacies contained in the will of Susan Grout, the defendant's testatrix.

The parties stated a case.

On the 22d of April, 1824, the testatrix executed her will, which contained the following clause, among others. "I will, firstly, that loth to offend by the word *pay*, the generous feelings of my friends, whose kindnesses to me have been many and long continued, — To my brother-in-law, Hutchins Hapgood, and my sister, Elizabeth, his wife, I wish their acceptance of twenty-five acres of land in the town of Lunenburg, Vermont, in the first division," &c. The testatrix then, after making several devises of real estate, and giving to her brothers-in-law, including the plaintiff, ten dollars each, to be expended in some article of silver furniture and marked for their wives, directed the remainder of her real estate to be divided into four equal shares, for her sisters, Elizabeth Hapgood and Lydia Houghton and the children of her deceased sisters, subject to certain contingencies which never took effect. The residue of the personal property, after the payment of a legacy of the sum of $ 50 and the expenses of administration, was given to the sisters and nieces of the testatrix, as she might verbally direct. The plaintiff and the defendant were named executors of the will.

It appeared that the testatrix died on the 29th of April, 1824 ; that the defendant accepted the trust of sole executor ;

that Elizabeth Hapgood died on the 11th of January, 1835 ; and that after the payment of all charges and expenses of administering and settling the estate, there was found to be in the hands of the defendant, as executor, a balance of $ 1702·15, which he was ordered by the judge of probate to pay over as directed by the will.

It further appeared, that before the commencement of the present action, the plaintiff brought an action against the de fendant as executor, upon a claim against the testatrix for boarding and nursing, she having resided in his family during the two years immediately preceding her death, and also for her funeral expenses ; that the action was tried in this Court, and the jury returned a verdict for the defendant, in regard to the claim for boarding and nursing, but in favor of the plaintiff in regard to the funeral expenses ; and that judgment was rendered upon such verdict, and still continued in force.

Before the commencement of the first action, the plaintiff, upon being requested by the defendant to signify his acceptance or non-acceptance of the devise of the land in Lunenburg, answered that he would not make any election, that would tend to prevent his recovery for expenses in boarding, nursing and taking care of the testatrix.

The defendant was never qualified to act as executor or as administrator of the estate, in Vermont.

The Court were to render such judgment as the facts required.

*Hinds*, for the plaintiff, to the point, that the action was well brought by the plaintiff in his own right, cited *Goddard* v. *Johnson*, 14 Pick. 352 ; that the devise of the land in Vermont, if it were such, was not to be deemed as made in satisfaction of the claim of the plaintiff against the testatrix for board, *Strong* v. *Williams*, 12 Mass. R. 391 and cases cited ; that the plaintiff did not, by bringing an action upon such claim, waive all his claims under the will, it being settled, so far as regarded the defendant, by the judgment in that action, that the testatrix was not indebted to the plaintiff for board, Com. Dig. *Estoppel*, *A* 1 ; Co. Litt. 352 *a* ; Archb. on Pl. 219 ; *Adams* v. *Barnes*, 17 Mass. R. 365 , and that such devise created a joint-tenancy in the plaintiff and his wife, and therefore a waiv-

*Margin:* Hapgood *v.* Houghton.

*Margin:* Oct. 1st

er by the plaintiff alone would be a nullity, *Martin* v. *Commonwealth*, 1 Mass. R. 347 ; *Shaw* v. *Hearsey*, 5 Mass. R. 521 ; *Fox* v. *Fletcher*, 8 Mass. R. 274 ; Co. Litt. 187 *a* ; Com. Dig. *Baron & Feme*, *D* 2.

*Brooks*, for the defendant. The plaintiff's claim to the legacies was waived or barred by his bringing the former action, the land in Vermont being devised to him and his wife in lieu of such claim. A party cannot claim under an instrument, unless he gives full effect to it. He cannot accept part and reject part of the same instrument. *Noys* v. *Mordaunt*, 2 Vern. 581 ; *Morris* v. *Burrows*, 2 Atk. 629; *Kirkham* v *Smith*, 1 Ves. sen. 260 ; *Streatfield* v. *Streatfield*, Cas. temp. Talbot, 176 ; *Blake* v. *Bunbury*, 1 Ves. jun. 523; *Lewis* v. *King*, 2 Bro. Ch. R. 600 ; *Whistler* v. *Webster*, 2 Ves. jun. 367 ; *Wilson* v. *Townshend*, 2 Ves. jun. 696 ; *Arnold* v. *Kempstead*, 1 Bro. Ch. R. 292, note ; *Sheddon* v. *Goodrich*, 8 Ves. 496 ; *Rich* v. *Cockell*, 9 Ves. 379 ; *Webb* v. *Shaftesbury*, 7 Ves. 481 ; *Thellusson* v. *Woodford*, 13 Ves. 220 ; *Wright* v. *Rutter*, 2 Ves. jun. 673 ; *Rutter* v. *Maclean*, 4 Ves. 531 ; *Andrew* v. *Trinity Hall, Cambridge*, 9 Ves. 533 ; *Graves* v. *Boyle*, 1 Atk. 509, and cases cited ; *Moore* v. *Butler*, 2 Sch. & Lefr. 267 ; *Crosbie* v. *Murray*, 1 Ves. jun. 557 ; *Cavan* v. *Pulteney*, 2 Ves. jun. 560 ; *Welby* v *Welby*, 2 Ves. & Beame, 190 ; *Birmingham* v. *Kirwan*, 2 Sch. & Lefr. 450 ; *Green* v. *Green*, 2 Meriv. 86. When an election is once made, the party electing cannot afterwards rescind it. Co. Litt. 145 *a* ; *Reed* v. *Dickerman*, 12 Pick. 146 ; *Hyde* v. *Baldwin*, 17 Pick. 303.

*Oct. 5th.* WILDE J. delivered the opinion of the Court. This case, as now stated by the parties, appears to the Court quite clear, and free from the difficulties with which we were somewhat embarrassed by a former statement. The general question is, whether, upon the facts agreed, the plaintiff is, by law, entitled to recover the legacies sued for, or whether these legacies are to be considered as forfeited or virtually relinquished by the plaintiff's attempt to enforce his claim against the estate of the testatrix, for her board while she was living with him as a member of his family.

By the first clause in the will the testatrix gave to the plain-

tiff and his wife a lot of land in Vermont, the language of which is peculiar ; but it amounts, we think, to a conditional devise and testamentary disposition of the property. After the death of the testatrix the defendant applied to the plaintiff, requesting him to say whether he intended to accept this devise ; and thereupon the plaintiff refused to make any election that would tend to prevent his recovery for expenses in boarding, nursing and taking care of the testatrix. He afterwards commenced his action against the defendant to recover such board and expenses, and prosecuted the same to final judgment, but failed to recover. This proceeding of the plaintiff, although the jury, by their verdict, negatived his claim, must be considered as an election on his part to relinquish the devise. He had no right to try his chance of recovery for board and expenses, and having failed to recover, to claim afterwards the benefit of the devise. But it has been argued for the defendant, that not only this devise must be considered as forfeited or relinquished, but the other legacies in the will now sued for ; and he relies on a rule in equity, which is well established and was recognized by this Court in the case of *Hyde* v. *Baldwin*, 17 Pick. 308. The rule is, " that no person shall take any beneficial interest under a will, and at the same time set up any right or claim of his own which shall defeat, or in any way prevent, the full effect and operation of every part of the will." But there are several exceptions to this rule, one of which expressly embraces the present case. The exception as laid down in 2 Madd. Ch. Pr. 54, is, that where a man by his will gives a child or other person a legacy or portion in lieu and satisfaction of a particular thing, this shall not exclude him from another benefit, though it may happen to be contrary to the will ; for the court will not construe it in lieu of every thing else, when he has named a particular thing. *East* v. *Cook*, 2 Ves. sen. 33.

The same principle, substantially, was laid down in *Ward* v. *Ward*, 15 Pick. 526. In that case there was a devise of a tract of land charged with the payment of the sum of $300 ; and a residuary legacy was given to the same devisee, without any condition annexed to it ; and it was held, that the devisee might renounce the particular devise, and that he would never-

Hapgood  
*v.*  
Houghton.

theless be entitled to the residuary legacy. It would be manifestly contrary to the will, it is said, to charge the $300 upon the whole property given to the devisee, when it is expressly put upon one particular part.

The decision in that case is conformable to the exception as laid down by Maddock and in *East* v. *Cook*, 2 Ves. sen. 33. There are other exceptions to the general rule as laid down in *Hyde* v. *Baldwin*, which it is not necessary to advert to, although they have a bearing on the present case. The doctrine as laid down in Maddock on Chancery Practice, is directly applicable to the case under consideration, and is decisive. The implied condition is limited to the devise of the lot of land in Vermont, and whether it has been performed or not, cannot affect the other legacies. The devise and legacies are independent of each other ; the one is on an implied condition, the others are absolute. The non-performance of the condition can only affect the devise of the land to which the condition is attached. Upon principle and upon authority this result appears to us to be clearly maintained.

Something was said as to the right of the plaintiff to recover the residuary legacy without taking out letters of administration on the estate of the wife ; but I did not understand that the defendant's counsel insisted on this objection. We have however considered it, and think that he may maintain the action in his own right. It was so decided in the case of *Goddard* v. *Johnson*, 14 Pick. 352 ; and we think there is no reason to overrule that decision.

*Judgment for the plaintiff.*